**Freddie Joe SPRINGER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16718.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1971.

James B. Browne, Browne & Arthurs, Cushing, for plaintiff in error.

Larry Derryberry, Atty. Gen., Ray Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Freddie Joe Springer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pawnee County, Oklahoma for the offense of Driving While Under the Influence of Intoxicating Liquor, Second Offense; his punishment was fixed at a two year suspended sentence and a fine of $100.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite the statement of facts. The parties at the non-jury trial agreed that the trial court could consider the testimony given at the Preliminary Hearing. As his defense, the defendant, upon agreement with the District Attorney, introduced as an exhibit certified copies of the charge and minutes showing the conviction of the defendant for the offense of Driving While Under Suspension. The defendant asserts that the conviction for Driving While Under the Influence of Intoxicating Liquor, Second Offense, must be reversed for the reason that such conviction constituted a violation of the basic substantial rights of the defendant as guaranteed by the Constitution of the United States under his plea of former jeopardy, and further that the conviction subjected the defendant to multiple punishments under different sections of the Oklahoma Statutes for several crimes committed during one criminal transaction. We have carefully examined defendant's citations of authority and are of the opinion that they are distinguishable from the case at bar. We are of the opinion that driving with a suspended license and driving while intoxicated are two separate and distinct criminal acts, and the fact that they were committed simultaneously and that they share in common the neutral non-criminal act of driving, does not render the defendant's punishment for both crimes in conflict with either the Constitution of the United States, the Constitution of the State of Oklahoma, nor the penal

code of the State of Oklahoma. In the case of In re Hayes, 70 Cal.2d 604, 75 Cal. Rptr. 790, 451 P.2d 430 (1969), involving a similar question, the California Supreme Court stated:

"[2] To put petitioner's entire adventure into a few words: he drove his car with an invalid license and while intoxicated. Initially, it is temptingly easy to extract, as petitioner urges us to do, the single act of 'driving,' obviously common to both of the charged offenses, and to apply section 654 to this case on the theory that 'driving' was petitioner's only 'act or omission.' However, to do so would be no more justified than to extract the act of 'possession' from a charge of possessing two different items of contraband, an approach long rejected by our courts. (Citations omitted) * * * We cannot overlook the crucial element: section 654 refers not to *any* physical act or omission which might perchance be common to all of a defendant's violations, but to a defendant's *criminal* acts or omissions. * * * (Citations omitted)

[3] The proper approach, therefore, is to isolate the various *criminal* acts involved, and then to examine only those acts for identity. In the instant case the two criminal acts are (1) driving with a suspended license and (2) driving while intoxicated; they are in no sense identical or equivalent. Petitioner is not being punished twice—because he cannot be punished at all—for the 'act of driving.' He is being penalized once for his act of driving with an invalid license and once for his independent act of driving while intoxicated."

The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.

NIX, J., not participating.